IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT NEWTON KERNS,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | NO. 05-1794 |
| | : | |
| **EDWARD KLEM, et al.,** | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                June 30, 2008

      Scott Newton Kerns filed a motion for relief of judgment pursuant to Rule 60(b)[1] of the Federal Rules of Civil Procedure seeking: (1) relief from the judgment entered on December 19, 2006, denying his petition for *habeas corpus*; or (2) relief from my Order dated August 28, 2007, denying his motion to re-open the time to file an appeal.  For the following reasons, I will deny the motion in its entirety.

---

[1] Rule 60(b) provides that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, Order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Section (c)(1) provides that a motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or Order or the date of the proceeding.

I. **BACKGROUND**[2]

Kerns sexually molested his ten year-old stepdaughter over the course of several months in 2000, allegedly using the abuse as a punishment when the child failed to do her household chores. At the time of his arrest, Kerns gave statements to the police, most of which were suppressed by the judge pre-trial. One statement, however, was not suppressed: "I did it, I did everything she said." The judge refused to suppress this statement because Kerns made the statement after being advised of his Miranda rights and not in response to police questioning. A month later, he changed his plea to guilty to a charge of involuntary deviate sexual intercourse with a person less than thirteen years of age. The judge accepted that plea after being assured that Kerns understood all the rights he was giving up by pleading guilty.

A month after pleading guilty, Kerns filed a motion to withdraw the guilty plea claiming he was innocent. At the hearing scheduled, Kerns withdrew his motion to withdraw. Months later, Kerns was sentenced to 7½ to 20 years in prison. The judge dismissed the remaining lesser charges.[3] Kerns was not satisfied with his sentence, and unsuccessfully appealed directly and sought collateral relief through the state courts.

---

[2] These facts are gleaned from the Report and Recommendation filed on October 30, 2006 (Document #16), and approved and adopted on December 19, 2006 (Document #17).

[3] Kerns was charged with involuntary deviate sexual intercourse with a person less than 13 years of age, sexual assault, rape of a person less than 13 years of age, aggravated indecent assault of a person less than 13 years of age, statutory sexual assault, indecent assault of a person less than 13 years of age, and indecent exposure.

On March 28, 2005, Kerns filed a timely petition for *habeas corpus* in federal court, claiming that his guilty plea was obtained without a full understanding of the plea and its consequences; that his guilty plea resulted from the ineffective assistance of counsel; that his appellate counsel was ineffective; and that he was sentenced in excess of the statutory maximum. I referred the petition to the Honorable David R. Strawbridge for a Report and Recommendation. Judge Strawbridge determined that an evidentiary hearing was necessary and appointed counsel to represent Kerns. Shortly after the hearing, Judge Strawbridge filed a thorough thirty-three page Report & Recommendation, recommending that the petition be denied and that a certificate of appealability not issue. I approved and adopted the Report & Recommendation on December 19, 2006.

Kerns did not file a timely appeal. Instead, on August 12, 2007, he simultaneously filed in this court a motion to "reopen the time to file an appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure," and an untimely appeal in the Third Circuit Court of Appeals. I denied the motion on August 28, 2007, finding that only two of the three conditions of Rule 4(a)(6) had been satisfied. On January 29, 2008, the Third Circuit dismissed the appeal for lack of jurisdiction because the appeal was filed two hundred and thirty-five days after the denial of his *habeas* petition, rather than within thirty days of that denial as required by FED.R.APP.P. 4(a)(1)(A).

In his motion for Rule 60(b) relief, Kerns claims that he did not receive a copy of my December 19, 2006 Order denying his petition until July 5, 2007, long after the time

to appeal expired, despite his writing twice to counsel requesting status. Kerns argues that *habeas* counsel effectively abandoned him after representing that counsel would file an appeal of the denial of the petition.

The Supreme Court of the United States and the Court of Appeals for the Third Circuit have ruled that a Rule 60(b) motion to vacate a judgment denying a *habeas corpus* petition under 28 U.S.C. § 2254 is construed as a second or successive *habeas* petition where the Rule 60(b) motion seeks to challenge the underlying state conviction. See Gonzalez v. Crosby, 545 U.S. 524 (2005);[4] Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).[5] In contrast, "in those instances in which the factual predicate of a petitioner's

---

[4] At issue in Gonzalez v. Crosby was the question whether a petitioner could utilize Rule 60(b) to challenge the district court's ruling dismissing a *habeas* petition under 28 U.S.C. § 2254 on statute of limitations grounds. 545 U.S. at 526. The Supreme Court concluded that petitioner's Rule 60(b) motion was not the equivalent of a successive *habeas* petition because the motion attacked a defect in the integrity of the federal *habeas* proceedings, and did not present a "claim" for *habeas* relief. Id. at 532-36. As a result, the Court held that the district court could rule on the Rule 60(b) motion and address the statute of limitations question without prior authorization by the court of appeals. Id. at 536-38. However, the Court cautioned that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents [Antiterrorism and Effective Death Penalty Act of 1996]'s requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." Id. at 531 (citing 28 U.S.C. § 2244(b)(2)).

[5] In Pridgen v. Shannon, the court noted that, by enacting the AEDPA, Congress intended to limit the ability of a prisoner to file "an endless stream of *habeas* petitions," and held that "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive *habeas* petition. 380 F.3d at 727. The court further held that petitioner's claims "that the state court erred in its determination that his second PCRA petition was untimely" and "that the state court lacked jurisdiction to rule that the claims raised in his second PCRA petition had been waived" must be considered successive *habeas corpus* claims. Id.

Rule 60(b) motion attacks the manner in which the earlier *habeas* judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits." Pridgen, 380 F.3d at 727.

A Rule 60(b) motion will be considered a second or successive *habeas corpus* petition where "it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying *habeas* relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to *habeas* relief." Gonzalez, 545 U.S. at 532 (emphasis in original; footnote omitted). "A determination that the Rule 60(b) motion was in essence a second or successive *habeas* petition means that under AEDPA the District Court d[oes] not have jurisdiction to entertain the motion [unless the petitioner is authorized by the court of appeals] to file a successive habeas petition." Pridgen, 380 F.3d at 725 (citing 28 U.S.C. § 2244(b)).

A review of the arguments that Kerns presents in his Rule 60(b) motion quells any suspicion that this motion is in essence a second or successive *habeas* petition. He argues that: (1) *habeas* counsel's affirmative misrepresentation that he would file an appeal of the denial of *habeas* relief constitutes an extraordinary circumstance sufficient to justify re-opening the time to file an appeal; (2) *habeas* counsel's misrepresentation that he would file an appeal of the denial of *habeas* relief constitutes an extraordinary circumstance sufficient to justify vacating the December 19, 2006 Order and re-entering

5

it; (3) *habeas* counsel's misrepresentation that he would file an appeal of the denial constitutes an extraordinary circumstance sufficient to justify vacating the August 28, 2007 Order denying the motion to re-open;[6] (4) the issues in this case will be insulated from judicial review because of the abandonment and affirmative misrepresentation of *habeas* counsel that he would file an appeal of the Order denying *habeas* relief; (5) the issue involved in this case involves whether petitioner's plea was his personal and voluntary decision not induced by promises or threats; (6) the *habeas* involved in this case involves whether the state court decision was "contrary to" clearly established federal law and if it were not, whether the state court judgment rests upon an unreasonable application of the facts adduced at trial; and (7) the appeal involved whether the court erred in denying *habeas corpus* relief where petitioner's plea was clearly unlawfully induced.

These arguments do not support a finding that Kerns' Rule 60(b) motion is the equivalent of a successive *habeas* petition. He neither presents new claims for relief from the state court's judgment of conviction, nor attacks my previous resolution of a claim on the merits. See Gonzalez, 545 U.S. at 532-36. Instead, Kerns attempts to explain his failure to file an appeal and to give an indication of what an appeal would include if he were permitted to file one. Thus, I may consider the merits of the motion, free from potential AEDPA concerns. Pridgen, 380 F.3d at 727.

---

[6] This argument is identical to the first argument.

Kerns insists that his failure to file an appeal of the Order denying his *habeas* petition was not his fault but that of his *habeas* counsel, an extraordinary circumstance justifying re-opening the time within which to file an appeal, or to vacate and re-enter the Order denying the petition. This re-entry, he contends, would reset the time to file an appeal. Although not axiomatic, Kerns argues that "the reasons stated above support relief under Rule 60(b)(1)." See Document #25 at ¶ 14(h). Rule 60(b)(1) allows for relief for mistake, inadvertence, surprise, or excusable neglect. The rule further provides that such a motion must be made within a reasonable time, but no more than a year after the entry of the judgment or Order from which a movant seeks relief. See Rule 60(c)(1)

The arguments presented in this motion are substantially similar to the ones Kerns presented in his earlier motion to re-open the time to file an appeal, i.e., his failure to file a timely appeal rested on *habeas* counsel's abandonment of him. See Document #18. I considered those arguments at that time and denied the motion. See Document #21. There is one difference in the allegations of these two motions, however, which is worth noting. In his earlier motion to re-open the time to file an appeal, Kerns contended that *habeas* counsel sent him a copy of the Report & Recommendation and asked Kerns to review it for potential objections. Kerns indicated that he immediately responded to counsel requesting that objections be filed. See Document #18 at ¶ 4. He next contended that he wrote to counsel twice asking for status of his case, but no response came. Id. at ¶ 5. After directly contacting the court, Kerns received a copy of the Order denying his

petition on July 5, 2007, long after the time within which to file an appeal expired. Id. at ¶ 6. Kerns never indicated that he had asked counsel to file an appeal or that counsel affirmatively misrepresented that he would file an appeal on Kerns behalf.

In his Rule 60(b) motion, however, Kerns emphatically insists that *habeas* counsel represented to Kerns that he would file an appeal on Kerns' behalf, which, of course, he did not file. Notations in the chambers' file of this case paint a slightly different picture but do shed light on the situation. Counsel for Kerns sent a letter to chambers requesting an extension of the time for filing objections[7] to the Report & Recommendation, but did not specify how much more time would be required. In keeping with chambers' procedures, a member of my staff contacted counsel on November 27, 2006, to ask how much more time he would need to file objections. Counsel responded that he could think of no objections to the Report & Recommendation but that perhaps his client could. He asked that the court refrain from ruling on the case for an "additional few days" to allow his client an opportunity to compile some objections. Having heard nothing further, I approved and adopted the Report & Recommendation on December 19, 2006. It is less than conceivable that a seasoned attorney who had no objections to the Report & Recommendation would have agreed to file an appeal. Thus, I view the allegations in the Rule 60(b) motion with skepticism.

---

[7] The petitioner had been informed that objections were due by November 22, 2006. (Document #16).

8

Kerns' only credible argument in support of the 60(b) motion was that he did not receive notice of my Order denying his petition until the time to file an appeal had expired. Rule 77(d)(2) of the Federal Rules of Civil Procedure provides that the lack of notice of the entry of a judgment or Order does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a). Rule 4(a)(1) requires that appeals be filed "within 30 days after the date of entry of the judgment or Order appealed from." Rule 4(a)(5) allows the district court "upon a showing of excusable neglect or good cause [to] extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Under Rule 4(a)(6), a party must establish that he did not receive notice pursuant to Rule 77(d) of the Federal Rules of Civil Procedure. Moreover, the 4(a)(6) motion must be filed within 180 days of the entry of judgment or within 7 days of the party's receipt of notice, whichever is earlier.

While Kerns presented credible evidence that he had not received notice of the entry of my Order denying his petition until July 5, 2007, he did not file the motion to re-open the time to file within the required seven days of July 5, 2007 or within the required 180 days of the entry of my Order dated December 19, 2006. See FED.R.APP.P. 4(a)(6). The rule in this circuit is clear: where the sole basis for a Rule 60(b) motion is a party's lack of notice, the motion must meet the time limitations of Rule 4(a). See Hall v. Cmty.

9

Mental Health Ctr., 772 F.2d 42, 44 (3d Cir. 1985).  In West v. Keve, the Third Circuit was presented a similar issue regarding the use of Rule 60(b) to vacate and re-enter final judgments.  721 F.2d 91 (3d Cir. 1983).  In that case, the appellant moved the district court under Rule 60(b) to reinstate an earlier judgment and essentially revive his time for appeal, which had lapsed according to the limitations of Rule 4(a).  Id. at 96.  The court held that Rule 4(a), being more specific to the appellate process than Rule 60(b), should control the timing of the filing of appeals, especially in view of the fact that allowing the use of Rule 60(b) to circumvent the constraints of Rule 4(a) could have the effect of nullifying Rule 4(a)(5) altogether.  Id.  The court also noted that in Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), the Supreme Court of the United States held that "the requirement of timely notice of appeal is 'mandatory and jurisdictional.'"  459 U.S. at 61.  Finally, the court held "that because the avowed purpose of the Rule 60(b) motion in this case was to extend the time for appeal, it had to meet the time limitations of Rule 4(a)."  West v. Keve, 721 F.2d at 97.  As noted above, Kerns failed to meet the time limitations of Rule 4(a).  Accordingly, I must deny the Rule 60(b) motion.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT NEWTON KERNS,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | NO. 05-1794 |
| | : | |
| **EDWARD KLEM, et al.,** | : | |
| Defendants | : | |

**O R D E R**

**STENGEL, J.**

    **AND NOW,** this    30th      day of June, 2008, upon consideration of the plaintiff's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Document #25), IT IS HEREBY ORDERED that the motion is DENIED in its entirety.

    The Clerk of Court is directed to mark this case closed for all purposes.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.